MOLLIE F. BENEDICT (SBN 187084)
E-Mail: mollie.benedict@tuckerellis.com
JOSHUA J. WES (SBN 238541)
E-Mail: joshua.wes@tuckerellis.com
TUCKER ELLIS LLP
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: 213.430.3400
Facsimile: 213.430.3409

Attorneys for Defendants
JOHNSON & JOHNSON; ETHICON, INC.;
AND ETHICON LLC

TUCKER ELLIS LLP
Cleveland ◆ Columbus ◆ Denver ◆ Los Angeles ◆ San Francisco

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| ISABEL VASQUEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON, a New Jersey Corporation; ETHICON, INC., a New Jersey Corporation; ETHICON LLC, a Limited Liability company; and DOES 1 through 500, inclusive,<br><br>Defendants. | Case No. 2:14-cv-07391-JGB-SP<br><br>Hon. Jesus G. Bernal<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF REMAND ORDER**<br><br>Date: December 22, 2014<br>Time: 9:00 a.m.<br>Courtroom: 1 (Riverside) |

**TO THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 22, 2014 or as soon as this matter can be heard, in Courtroom 1 of the United States District Court for the Central District of California, Eastern Division, located at 3470 Twelfth Street, Riverside, California, Defendants Ethicon, Inc., Ethicon LLC, and Johnson & Johnson ("Defendants") will and

hereby do move for reconsideration of this Court's November 13, 2014 Order remanding this action to the Superior Court of California, County of Los Angeles. This motion for reconsideration is brought pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(6) and Central District of California Local Rule 7-18. Reconsideration is warranted by the en banc Ninth Circuit's intervening decision in a nearly-identical case, *Corber v. Xanodyne*, No. 13-56306 (9th Cir. Nov. 18, 2014) (en banc), attached as Exhibit A. In *Corber*, the en banc court had previously vacated a panel decision affirming a district court's determination that a petition for coordination in the Judicial Council on Coordinated Proceedings was not a joint trial under CAFA, then held that "[p]laintiffs' petitions for coordination each constitute a proposal to try the cases jointly," and reversed the district court's remand of those cases. *Id.* at 18. The petition for coordination filed in this case is materially identical to that considered by *Corber*, and under binding Ninth Circuit precedent, this Court has jurisdiction over plaintiffs' claims pursuant to CAFA's mass action provision.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

## I.

## BACKGROUND

This is one of four cases in which a total of 347 plaintiffs filed Petitions for Coordination seeking to join their claims into a single California Judicial Council Coordinated Proceeding ("JCCP"). Each plaintiff raises claims based on the use of transvaginal mesh products manufactured by defendant Ethicon, Inc. As grounds for their petitions, the 347 plaintiffs asserted that their cases raise common questions of law and fact, and that a coordinated proceeding would avoid inconsistent rulings and judgments. *See* Petition, ECF No. 2, Ex. B.

Defendants removed these cases on the ground that they request that the 347 claims "be tried jointly" within the meaning of the mass action provision of the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(11). Defs.' Notice of Removal, ECF No. 1 (Sept. 22, 2014). At the time of removal, the Court's en banc rehearing of *Romo v. Teva Pharms. USA*, which considered the precise question raised by Defendants'

removal, was pending and there was no Ninth Circuit precedent on the facts presented here. *See Romo v. Teva Pharms. USA*, 731 F.3d 918, 921 (9th Cir. 2013), *vacated, Romo v. Teva Pharms. USA,* 742 F.3d 909 (9th Cir. 2014). Because this case presents the identical issue to that under en banc consideration when it was removed, Defendants moved to stay the case pending the Ninth Circuit's en banc resolution of *Romo*. Mot. to Stay, ECF No. 11 (Oct. 3, 2014).

Plaintiffs opposed the motion and moved to remand the case to state court. Mot. to Remand, ECF No. 19 (Oct. 17, 2014); *see also* Defs.' Opp. to Remand, ECF No. 20 (Oct. 27, 2014) (opposing remand and asking court to stay consideration of the remand motion pending decision in *Romo*). The Court denied Defendants' motion to stay and granted Plaintiffs' Motion to Remand on November 13, 2014. Remand Order, ECF No. 22 (Nov. 13, 2014) (hereinafter "Order"). Just five days later, on November 18, 2014, the Ninth Circuit issued its en banc opinion in *Romo* (captioned as its companion case *Corber v. Xanodyne*), holding that a petition for coordination filed with the JCCP is a request for a joint trial under CAFA. Slip Opinion, *Corber v. Xanodyne*, No. 13-56306 (9th Cir. Nov. 18, 2014) (en banc) (hereinafter "Slip Op."). In light of the *Corber* decision, Defendants move for reconsideration of the Court's remand order. Defendants are also timely filing a protective Petition to Appeal this Court's remand order with the Ninth Circuit, pursuant to 28 U.S.C. § 1453(c).

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

## II.
## ARGUMENT

### A. The Court Has Jurisdiction to Reconsider Its Remand Order.

While a remand order for lack of subject matter jurisdiction ordinarily marks the end of federal court jurisdiction over remanded claims, Section 1453(c) creates an explicit exception to that rule. Section 1453(c) specifically authorizes review of remand orders in CAFA cases "notwithstanding section 1447(d)." 28 U.S.C. § 1453(c)(1). To give effect to § 1453(c)'s grant of appellate jurisdiction, district courts must retain jurisdiction to manage such cases pending appeal. As one California district court

recently explained when exercising jurisdiction to consider a stay pending appeal under § 1453, it is "appropriate" for the district court to exercise its jurisdiction pending appeal, "as Congress has specifically allowed these remand orders to be appealable." *Manier v. Medtech Prods.*, No. 14cv209-GPC(NLS), 2014 U.S. Dist. LEXIS 87959, at *5 (S.D. Cal. June 26, 2014).

With jurisdiction comes the ability to consider motions for reconsideration under Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b). *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1129-1130 (E.D. Cal. 2001) ("A motion for reconsideration [] is appropriately brought under either Rule 59(e) or Rule 60(b).") (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)). Under Fed. R. App. P. 4(a)(4), a district court can and should entertain a motion to reconsider or alter a judgment so long as the motion is timely filed. Fed. R. App. P. 4(a)(4) ("If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, [including motions under Rules 59 and 60], the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion "). This rule permits reconsideration pending appeal of orders appealable of right and those subject to permissive appeal only. *See United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. Cal. 2001) (treating a motion for reconsideration as a motion subject to Fed. R. App. P. 4(a)(4)(A)); *Natale v. General Motors Corp.*, No. 06–8011, 2006 WL 1458585, at *1 (7th Cir. May 8, 2006) (applying Fed. R. App. P. 4(a)(4) to § 1453(c) appeal).

The authority granted by Rules 59(e) and 60(b), combined with the jurisdiction provided by § 1453(c)(1), allowed the Eastern District of Missouri to reconsider a remand order under the facts here. In *Strantz v. Johnson & Johnson*, No. 4:13-cv-01247-RWS (E.D. Mo. Dec. 11, 2013) ECF No. 31 (attached as Exhibit B), the district court reconsidered its remand order while a § 1453(c) petition to appeal was pending based on an intervening decision from the Eighth Circuit. *Id.* The district court found that under the intervening decision, it had subject matter jurisdiction pursuant to CAFA's mass

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

action provision. Accordingly, the court reversed its prior grant of the remand order and denied remand while defendants' petition to appeal pursuant to § 1453(c) was pending. *Id.*

Similarly, in *Natale v. General Motors Corp.*, the Seventh Circuit determined that reconsideration by a district court in a CAFA case is a proper exercise of jurisdiction. 2006 WL 1458585, at *1. The Western District of Missouri reached the same conclusion in *Wingo v. State Farm Fire and Casualty Co.*, No. 13–3097–CV–S–FJG, 2013 WL 3872199, at *2 (W.D.Mo. July 25, 2013), finding that a district court "retains jurisdiction to reconsider [a] remand order" in a CAFA case. Still other courts have simply assumed this logical exercise of jurisdiction. *In re Burlington Northern Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir.2010) (treating a 28 U.S.C. § 1453(c) request for appeal as premature until the district court ruled on a motion for reconsideration); *see also Bierman v. Toshiba Corp.*, No. C–10–4203 MMC, 2010 WL 5463813, at *1 (N.D.Cal. Dec. 29, 2010) (assuming discretion to reconsider a remand order in a non-CAFA matter).

It is true that certain courts have declined to exercise jurisdiction in these circumstances, holding that the rule of § 1447(c) divesting district courts of jurisdiction once a remand order has been sent to the state court applies to CAFA remand orders. *See, e.g., In re Oxycontin Antitrust Litig.*, No. 08 Civ. 3380, 2011 WL 4801360 (S.D.N.Y. Oct. 6, 2011); *Migis v. AutoZone, Inc.*, No. Civ. 08-1394, 2009 WL 690627 (D. Or. Mar. 6, 2009). But these holdings thwart the Congressional intent that federal courts retain jurisdiction for long enough to provide expedited appellate review in cases like this one. *See Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Renal Care Grp., Inc.*, No. 3:05-0451, 2005 WL 2237598 (M.D. Tenn. Sept. 12, 2005) ("If the case is actually remanded, and the state court proceeds to move it forward, the appellate right would be an empty one."). As a result, although remand often divests a district court of jurisdiction, *see Seedman v. United States District Court for Central District of California*, 837 F.2d 413, 414 (9th Cir. 1988), this bar should not exist where CAFA grants permissive appeals of remand orders "notwithstanding" § 1447(d).

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

"[W]here [§] 1447(d) does not apply, neither does *Seedman*." *Maui Land & Pineapple Co. v. Occidental Chem. Corp.*, 24 F. Supp. 2d 1083, 1086 (D. Haw. 1998); *id.* ("Although we had previously stated that the district court was divested of jurisdiction once it mailed the remand order to the state court, . . . where remand is reviewable on appeal a district court has jurisdiction to review its own order, and vacate or reinstate that order.") (citing *In re Digicon Marine Inc.*, 966 F.2d 158, 160-61 (5th Cir. 1992)).

**B. <u>The Change in Controlling Law Warrants Reconsideration.</u>**

Reconsideration pursuant to Fed. R. Civ. P. 59(e) is warranted "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) *if there is an intervening change in controlling law*." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993) (emphasis added). Similarly, a change in "decisional law" issued after the order for which the party seeks reconsideration qualifies for relief under Fed. R. Civ. P. 60(b)(6). *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (recognizing that "a subsequent change in substantive law" is "reason justifying relief" under Rule 60(b)(6)); *Phelps v. Alameida*, 569 F.3d 1120, 1132-34 (9th Cir. 2009) (a Rule 60(b) motion may rely on a change in law that occurred even after the original decision became final). A Rule 60(b) motion may be brought seeking reconsideration of a remand order because it is sufficiently final to be appealed, *see, e.g.*, *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000), and may be granted whenever appropriate to "accomplish justice." *See Amado v. Microsoft Corp.*, SA CV 03-242 DOC (ANx), 2007 U.S. Dist. LEXIS 96487, *23 (C.D. Cal. Mar. 13, 2007) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988)).

*Corber* is an intervening change in the controlling and decisional law of this Circuit, and this Court should reconsider and vacate its remand order to adhere to *Corber* and to accomplish justice. The Court remanded on the ground that plaintiffs' JCCP petition was not a request for a joint trial under CAFA, Order, at 4-5, but *Corber* holds the opposite: where 100 or more plaintiffs petition to join their claims into a single

California Judicial Council Coordinated Proceeding for all purposes, they *do* request a joint trial within the meaning of CAFA and federal jurisdiction exists over their claims. Slip Op. at 18.

In *Corber*, the plaintiffs filed various complaints in California state court alleging injuries relating to the pain reliever propoxyphene. Slip. Op. at 8. The plaintiffs then filed petitions under § 404 of the California Code of Civil Procedure asking the California Judicial Council to establish a coordinated proceeding for all California propoxyphene actions. *Id.* As the Ninth Circuit summarized:

> Plaintiffs asked for coordination of their lawsuits for reasons… including concerns that there could be potential "duplicate and inconsistent rulings, orders, or judgments," and that without coordination, "two or more separate courts . . . may render different rulings on liability and other issues." Plaintiffs argued in their petitions and the supporting memoranda that the cases should be coordinated before one judge "hearing all of the actions for all purposes," to address "the same or substantially similar" causes of action, issues of law, and issues of material fact.

*Id.* at 9.

The Ninth Circuit then held "that Plaintiffs' petitions for coordination are proposals for joint trial," focusing on two key aspects of the petitions:

> First, the petitions say that Plaintiffs seek coordination "for all purposes." "All purposes" must include the purposes of trial. So reading the petitions literally, Plaintiffs, who in total number far more than 100, were seeking a joint trial. Second, the specific reasons given for coordination also support the conclusion that a joint trial was requested. For example, Plaintiffs listed potential issues in support of their petitions that would be addressed only through some form of joint trial, such as the danger of inconsistent judgments and conflicting determinations of liability.

*Id.* at 13-14. In addition, the court noted that the "[p]laintiffs repeatedly stated that the factors catalogued in section 404.1 all supported coordination, including the fact that '[o]ne judge hearing all of the actions for all purposes in a selected site or sites will promote the ends of justice.'" *Id.* at 15.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

In reaching its conclusion, the appeals court rejected the *Corber* plaintiffs' insistence that they did not request JCCP coordination for all purposes, but only for pre-trial purposes. *See* 28 U.S.C. § 1332(d)(11)(B)(ii)(IV) (exempting from the mass action definition "claims have been consolidated or coordinated solely for pretrial proceedings."). The court conceded that "if Plaintiffs had qualified their coordination request by saying that it was intended to be solely for pre-trial purposes, then it would be difficult to suggest that Plaintiffs had proposed a joint trial." *Id.* at 15. But just as here, the *Corber* plaintiffs petitioned for coordination "by arguing that 'hearing all of the actions' together 'for all purposes' would promote the ends of justice," and as a result, they proposed a joint trial. *Id.* at 15-16.

The facts supporting the *Corber* court's determination that plaintiffs had proposed a joint trial are all present in this case:

- Plaintiffs here proposed coordination because "[o]ne judge hearing all actions for all [] will promote the ends of justice." Pet. for Coord., ECF No. 2, at 5; *see* Slip Op., at 13-14 (the *Corber* plaintiffs requested coordination for "all purposes"); *id.* at 15("[O]ne judge hearing all of the actions for all purposes in a selected site or sites will promote the ends of justice.").
- Plaintiffs here proposed coordination because it "will avoid duplicative or inconsistent rulings, orders and judgments." Pet. at 5; Mem. in Supp. Pet., ECF No. 2, at 6; *see* Slip Op., at 9 (the *Corber* plaintiffs requested coordination to avoid "duplicate and inconsistent rulings, orders, or judgments").
- Plaintiffs here proposed coordination because it "offers considerable benefits in terms of efficiency and convenience, allows for common motions to be filed in and heard by a single court, [and] avoids duplicative and potentially inconsistent rulings[.]" Mem. in Supp. Pet., at 2; *see* Slip Op., at 9, 13-14 ("Plaintiffs listed potential issues in support of their petitions that would be







TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

addressed only through some form of joint trial, such as the danger of inconsistent judgments and conflicting determinations of liability.").

- Finally, Plaintiffs here proposed coordination because "there exist recurring questions of law and fact concerning specific and general causation and liability." Mem. in Supp. Pet. ECF No. 2, at 6; *see* Slip Op., at 9 ("Plaintiffs argued . . . that the cases should be coordinated . . . to address 'the same or substantially similar' causes of action, issues of law, and issues of material fact.").

In short, the petitions filed by these Plaintiffs are materially identical to the petitions considered in *Corber*, and the Court's determination that "Plaintiffs sought coordination of the four related cases only for pretrial purposes" is contrary to the decision of the Ninth Circuit. Order, at 4 (citations omitted). As in *Corber*, Plaintiffs did not cabin their request for coordination to pretrial purposes only—instead, they requested coordination for "all purposes." Pet. at 5. *See* Slip Op., at 16; *see id.* at 13 ("when we assess whether there has been a proposal for joint trial, we hold plaintiffs responsible for what they have said and done."). Accordingly, the Court should reconsider its November 13 remand order and deny Plaintiffs' Motion to Remand.

## III.
## CONCLUSION

For the foregoing reasons, the Court can and should reconsider its November 13 Remand Order and deny Plaintiffs' Motion to Remand.

DATED: November 24, 2014 Tucker Ellis LLP

By: /s/ Joshua J. Wes

Joshua J. Wes
Attorneys for Defendants
JOHNSON & JOHNSON; ETHICON, INC.; AND ETHICON LLC



TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

# CERTIFICATE OF SERVICE

I, Cynthia M. Harris, declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis & West LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On **November 24, 2014**, I served the following: **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF REMAND ORDER** on the interested parties in this action by:

(X) **ELECTRONICALLY VIA ECF:** the above-entitled document to be served electronically through the United States District Court, Central District ECF website, addressed to all parties appearing on the Court's ECF service list. A copy of the "Filing Receipt" page will be maintained with the original document in our office.

(X) I declare that I am employed in the office of the Bar of this Court at whose direction the service was made.

Executed on **November 24, 2014**, at Los Angeles, California.

*/s/ Cynthia M. Harris*
Cynthia M. Harris