JS-5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 14-7391 JGB (SPx)** | Date | December 17, 2014 |
| Title | ***Isabel Vasquez, et al. v. Johnson & Johnson, et al.*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| MAYNOR GALVEZ | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:** **Order: (1) GRANTING Defendants' Motion for Reconsideration (Doc. No. 23); (2) VACATING the Court's November 13, 2014 Order (Doc. No. 23); (3) DENYING Plaintiffs' Motion to Remand (Doc. No. 19.) ; and (4) VACATING the December 22, 2014, Hearing (IN CHAMBERS)**

Before the Court is Defendants' Motion for Reconsideration of Remand Order. (Doc. No. 23.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers timely filed in support of and in opposition to the motion, the Court GRANTS Defendants' motion. The Court VACATES its November 13, 2014 Order (Doc. No. 23.) and DENIES Plaintiffs' October 17, 2014 Motion to Remand (Doc. No. 19.) The December 22, 2014, hearing on the motion is VACATED.

## I. BACKGROUND

On February 13, 2014, ninety-five individual Plaintiffs filed a complaint in state court against Defendants Johnson & Johnson, Ethicon, Inc., Ethicon, LLC, and Does 1 through 500, inclusive (collectively, "Defendants"). ("Compl.," Doc. No. 1-1, Ex. A.) The Complaint alleges that Plaintiffs suffered a variety of injuries from the surgical implantation of pelvic mesh devices designed, tested, manufactured, marketed, sold, and distributed by Defendants. (Compl. ¶¶ 1, 138-75.)

On April 16, 2014, Defendants removed the action to this Court on the basis of diversity jurisdiction. (Not. of Removal ¶ 4, Doc. No. 1.) On June 18, 2014, the Court remanded the action to the Los Angeles County Superior Court, finding that there was not complete diversity among Plaintiffs and Defendants and thus the Court lacked diversity jurisdiction over this action,

pursuant to 28 U.S.C. § 1332. See Isabel Vasquez, et al. v. Johnson & Johnson, et al., CV 14-2915 JGB (SPx), slip op. at 3, 8 (C.D. Cal. August 6, 2014.)

On August 22, 2014, Plaintiffs filed a Petition for Coordination, requesting that the California Superior Court consider coordination of this action with other similar actions. ("Petition," Defs.' Mot. to Stay, Doc. No. 11-3, Ex. B.) Specifically, the Petition requested the coordination of this action with three other California Superior Court cases: Violet Rappuchi, et al. v. Johnson & Johnson, et al., Case No. BC536366; Maria Baron, et al. v. Johnson & Johnson, et al., Case No. 30-2014-00706561-CU-PL-CXC; and Lourdes Heredia, et al. v. Johnson & Johnson, et al., Case No. 30-2014-00706619-CU-PL-CXC. (Petition at 4-5.) Plaintiffs sought coordination pursuant to California Code of Civil Procedure § 404 and California Rules of Court 3.521, et seq. (Petition at 1.) Defendants were served with the Petition on August 26, 2014. (Decl. of Joshua J. Wes ¶ 4, Doc. No. 2).

On September 22, 2014, Defendants again removed this action asserting federal court jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Not. of Removal ¶¶ 9, 26, Doc. No. 1.) Defendants also removed the three related actions from California Superior Court; those cases were also assigned to this Court. See Violet Rappuchi, et al. v. Johnson & Johnson, et al., CV 14-7392 JGB (SPx); Lourdes Heredia, et al. v. Johnson & Johnson, et al., SACV 14-1530 JGB (SPx); Maria Baron, et al. v. Johnson & Johnson, et al., SACV 14-1531 JGB (SPx).

On October 17, 2014, Plaintiffs filed a Motion to Remand this case to state court, contending that removal pursuant to CAFA was improper. ("MTR," Doc. No. 19.) Pursuant to the state of the law at that time, the Court granted the MTR on November 13, 2014. ("Remand Order," Doc. No. 22.) On November 18, 2014, the Ninth Circuit issued its en banc opinion in Corber v. Xanodyne Pharm., Inc., 771 F.3d 1218, 1220 (9th Cir. 2014). The decision concerned a set of facts similar to those at issue in the MTR.

On November 24, 2014, Defendants filed a Motion for Reconsideration of the Remand Order. ("Motion," Doc. No. 23.) Plaintiffs opposed on December 1, 2014. ("Opp'n," Doc. No. 24.) Defendants replied on December 3, 2014. ("Reply," Doc. No. 26.)

## II. LEGAL STANDARD

Motions for reconsideration are governed by both the Local Rules of the Central District and by the Federal Rules of Civil Procedure. Central District Local Rule 7–18 governs a motion for reconsideration brought before this Court, and provides: "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of . . . (b) the emergence of new material facts or a change of law occurring after the time of such decision." L.R. 7-18.

Similarly, Rules 59(e) and 60(b) govern motions to reconsider a final judgment or order. Walsh v. Countrywide Home Loans, Inc., 2009 WL 4674049, at *3 (N.D. Cal. Dec. 2, 2009) ("Motions to reconsider a decision of the court are appropriately brought under Rule 59(e) or Rule 60(b)."). Rule 54(a) defines "judgment," as used in the FRCP, to "include[] a decree and any order from which an appeal lies."

Rule 59(e) permits a party to move to alter or amend a judgment. Fed. R. Civ. P. 59(e). A motion under Rule 59 "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multanomah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (emphasis added).

## III. DISCUSSION

### A. Jurisdiction to Consider the Motion

Normally, a remand order based on the absence of subject matter jurisdiction is not reviewable; therefore, the order marks the end of federal court jurisdiction over the remanded claims. See 28 U.S.C. § 1447(d) (providing that an order remanding a case to the State court is generally not reviewable); Seedman v. U.S. Dist. Court for Cent. Dist. of California, 837 F.2d 413, 414 (9th Cir. 1988) ("Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case.")

However, Congress expressly authorized federal courts of appeals to exercise their discretion to accept an appeal from a remand order under CAFA "notwithstanding section 1447(d)." 28 U.S.C. § 1453(c). This statute constitutes an exception to the general rule that remand orders are not appealable, and courts have interpreted it to therefore provide continuing jurisdiction to reopen a previously remanded case. Manier v. Medtech Products, Inc., 2014 WL 2919304, at *1 (S.D. Cal. June 26, 2014) (exercising jurisdiction and addressing motion to stay "as Congress has specifically allowed these remand orders to be appealable."); Dalton v. Walgreen Co., 2013 WL 2367837, at *1 (E.D. Mo. May 29, 2013) ("Exercising limited jurisdiction to stay a CAFA remand order is appropriate in light of the statutory scheme allowing immediate appeal of such orders."); Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Renal Care Grp., Inc., 2005 WL 2237598 (M.D. Tenn. Sept. 12, 2005) ("If the case is actually remanded, and the state court proceeds to move it forward, the appellate right would be an empty one.").

Plaintiffs do not substantively contest the Court's jurisdiction to decide the instant Motion. Rather, Plaintiffs contend that the Court lacks jurisdiction under Section 1453(c) because Defendants filed their Petition to Appeal with the Ninth Circuit eleven days after the Court entered the Remand Order.[1] (Opp'n at 2.) Under Section 1453(c)(1), a court of appeals may accept an appeal of a CAFA remand order "if application is made . . . not more than 10 days after the entry of the order." 28 U.S.C. § 1453(c)(1). However, the tenth day after the November 13, 2014 Remand Order fell on Sunday, November 23. Federal Rule of Appellate Procedure 26(a) instructs "if the last day is a . . . Sunday . . . the period continues to run until the end of the next day that is not a [weekend] or legal holiday." Fed. R. App. P. 26(a)(1)(C). Thus, Defendants' Petition to Appeal, filed on Monday, November 24, was timely.

[1] This is the sole basis for Plaintiff's Opposition to the Motion.

Given the procedural posture of this case, and the Ninth Circuit's decision in Corber, the Court finds it appropriate to exercise jurisdiction to decide the Motion on the merits.

**B. The Ninth Circuit's Decision in Corber**

On November 13, 2014, the Court remanded this case on the ground that Plaintiffs' Petition was not a joint request for trial under CAFA. (Remand Order at 4.) Specifically, the Court found that Plaintiffs' Petition appeared to seek coordination only for pretrial purposes; thus the four related cases fell within the exception to CAFA jurisdiction for "claims that have been consolidated solely for pretrial proceedings." (Id.) (citing 28 U.S.C. ¶ 1332(d)(11)(B)(ii)IV.)

In Corber, the Ninth Circuit examined a petition for coordination in California state court that was substantially analogous to Plaintiffs' Petition in this case. The Corber plaintiffs filed various complaints in state court alleging injuries stemming from the use of the pain reliever propoxyphene. 771 F.3d at 1221. The plaintiffs then filed petitions – using the same procedure Plaintiffs did – requesting that the California Judicial Council establish a coordinated proceeding for all California propoxyphene actions. Id. The Ninth Circuit held that the plaintiffs' "petitions for coordination are proposals for joint trial." Id. at 1223. This holding focused specifically on two aspects of the plaintiffs' petitions:

> First, the petitions say that Plaintiffs seek coordination "for all purposes." "All purposes" must include the purposes of trial. So reading the petitions literally, Plaintiffs, who in total number far more than 100, were seeking a joint trial. Second, the specific reasons given for coordination also support the conclusion that a joint trial was requested. For example, Plaintiffs listed potential issues in support of their petitions that would be addressed only through some form of joint trial, such as the danger of inconsistent judgments and conflicting determinations of liability.

Id. at 1223-24.

Here, Plaintiffs' Petition stated "[o]ne judge hearing all actions for all purposes . . . will promote the ends of justice." (Petition at 5 (emphasis added).) This is the same wording the Corber plaintiffs used. 771 F.3d at 1224. Furthermore, Plaintiffs' Petition sought coordination because it "will avoid duplicative or inconsistent rulings, orders and judgments." (Petition at 5.) Finally, Plaintiffs argued in support of their Petition that "there exist recurring questions of law and fact concerning specific and general causation and liability." (Declaration of Joshua Wes, Doc No. 2-1, Ex. B, Memo in Support of Petition at 6.) Pursuant to Corber, Plaintiff's Petition proposed coordination for a joint trial, and therefore this Court has subject matter jurisdiction under CAFA's mass action provision. See 28 U.S.C. § 1332(c)(11)(B)(i).

The Court finds that the Ninth Circuit's decision in Corber is an "intervening change in controlling law" which requires alteration of the previous judgment under Rule 59(e). See School Dist. No. 1J, 5 F.3d at 1263. Reconsideration is also appropriate under Local Rule 7-18,

as the Corber decision is a change of law that occurred after the Court's Remand Order. L.R. 7-18 ("A motion for reconsideration . . . may be made only on the grounds of . . . a change of law occurring after the time of such decision.")

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion. The Court VACATES its November 13, 2014 Remand Order (Doc. No. 22.) and DENIES Plaintiffs' Motion to Remand (Doc. No. 19.) The Clerk shall reopen the case. The November 22, 2014 hearing is VACATED.

**IT IS SO ORDERED.**